UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

SEP 2 7 2007

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex. rel. SPENCER GREENDYKE, M.D., | * * * * | CIV 04-4105 |
| Plaintiffs, | * * | |
| vs. | * * | |
| CNOS, P.C. CNOS HOLDING CO., LLC, JOHN DOES (1-19), DR. MICHAEL C. GENOFF, SIOUXLAND SURGERY CENTER LIMITED LIABILITY PARTNERSHIP, a Michigan Corporation; STRYKER CORPORATION, a Michigan Corporation, | * * * * * * * | MEMORANDUM OPINION AND ORDER |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Relator Spencer Greendyke's Motion for Attorneys' Fees and Costs Pursuant to 31 U.S.C. § 3730(d)(1). This motion was filed with the Court on January 18, 2007, but it was not served on the Defendants CNOS, PC, CNOS Holding Co., LLC and Siouxland Surgery Center Limited Liability Partnership[1] (collectively referred to herein as "Defendants" or individually as "CNOS" and "Siouxland") until August 10, 2007. Defendants object to Relator's Motion on the grounds that it is untimely and, even if it is considered timely, the maximum amount Relator can recover from Defendants is $10,938.

The Court held a hearing on September 26, 2007, during which Relator was represented by counsel, the United States was represented by Assistant United States Attorney Stephanie Bengford

---

[1] The caption identifies this Defendant as Siouxland Surgical Center Limited Partnership, but this Defendant states in its brief, Doc. 64, that the correct name is Siouxland Surgery Center Limited Liability Partnership. The caption will be changed to reflect the correct name of this Defendant.

and Defendants were represented by counsel. For the reasons set forth below, Relator's motion will be granted and Defendants will be required to pay Relator's reasonable attorney's fees and costs, in the amount of $83,516.29, which is the total claimed fees of $114,596.66 minus the $25,000 paid by the Stryker Defendants and minus the Relator's expert expenses in the amount of $6,080.37.

## BACKGROUND

The parties settled this litigation under the False Claims Act. The parties executed joint settlement agreements and jointly stipulated to dismissal of the case, reserving two issues for resolution by the Court. (Doc. 53-2; Doc. 53-3.) On May 22, 2006, the Court signed an Order of Dismissal, Doc. 57, providing that the Court consented to the Joint Stipulation of Dismissal filed by the parties and stating:

> Consistent with the terms of the Settlement Agreements, the claims and causes of action set forth in the Complaint and the Amended Complaint are hereby dismissed (a) with prejudice to Realtor and to the United States on claims for the Covered Conduct set forth in the Settlement Agreements, and (b) with prejudice to Relator and without prejudice to the United States as to any other claims set forth in the Complaint and Amended Complaint, provided, however, that the Court shall retain jurisdiction to enforce the terms of the Settlement Agreements between the Parties, including issues of attorneys' fees between CNOS, [Siouxland Surgical Center], and Relator and the Relator's share between the United States and Relator.

Order of Dismissal, Doc. 57 at ¶ 2. Accordingly, the two issues expressly reserved by the parties for further determination were the Relator's share of the settlement amount paid by the Defendants and the Relator's claim for attorney's fees against CNOS and Siouxland. (Rule 41a Joint Stipulation of Dismissal, Doc. 53 at ¶¶ 4 and 5.) Both issues would be decided by the Court if the involved parties could not resolve their disputes on those issues.

All of the named Defendants in this action agreed to pay a total amount of $345,000 to the Government under the Settlement Agreements. The Settlement Agreement between the Government, the Relator and CNOS and Siouxland provides that CNOS and Siouxland were to each pay $52,500 for a total of $105,000 to the United States and that this obligation was joint and several

between these two Defendants. Stryker agreed to pay the balance of $240,000 to the Government in its Settlement Agreement.

At the time the Settlement Agreements were reached, the Stryker Defendants agreed to pay the Relator $25,000 for his attorney's fees. Relator's position is that it had no option other than to accept the $25,000 as a portion of his attorney's fees. Relator now seeks an award of attorneys' fees and expenses in the amount of $114,596.66 from CNOS and Siouxland. During the hearing, counsel for the Relator stated that he is seeking an award of the "balance" of his attorney's fees, which would be $114,596.66 minus the $25,000 paid by the Stryker Defendants for a balance of $89,596.66.

## DISCUSSION

The False Claims Act provides that a person who has brought an action on behalf of the Government for false claims, as Relator Spencer Greendyke did in this action, "shall ... receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(1).

Defendants contend that Plaintiff was required to file his motion for attorneys' fees and expenses pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, which provides that claims for attorneys fees "shall be made by motion," and unless "otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment." FED.R.CIV.P. 54(d)(2). The False Claims Act does not provide a deadline for filing a motion for attorney's fees. The Court's Local Rules in effect at the time the Order of Dismissal was entered in this case provided that, "[i]n any case in which attorney's fees are recoverable under the law applicable to that case, a motion for attorney's fees shall be filed with the Clerk with proof of service within fourteen days after the entry of judgment or after an order of dismissal under circumstances permitting the allowance of attorney's fees ..." D.S.D. CIV LR 54.1(C) (July 2001). The Local Rules further provide that the failure to move for an award of attorneys' fees within the prescribed time "may be considered by the Court to be a waiver of any claim for attorney's fees." *Id.* The Local

3

Rules were amended, effective March 1, 2007, to lengthen the time for filing motions for attorneys fees from 14 days to 30 calendar days. D.S.D. CIV LR 54.1(C) (March 2007).

In Plaintiff's counsel's affidavit, he states, "a portion of the claims were settled, but a number of claims remained open for the government to pursue if it so chose. Accordingly, there is not yet a final judgment." Affidavit of Brett A. Lovrien, Doc. 62 at ¶ 3. Counsel further states he has been advised by the United State Attorney's Office that the Government is not going to pursue the remaining claims and intends to file a written notice to that effect. Plaintiff contends he filed the pending Motion despite the fact there is not a final judgment in this action.

In his Reply Brief, Plaintiff maintains that the Government continues to have the authority to pursue most of the causes of action included in the Complaint filed under seal. Plaintiff further explains that the Government first notified him on December 27, 2006 that it did not intend to pursue any additional claims against the Defendants. An application for attorney's fees was, in Plaintiff's view, premature until the Government decided whether to pursue the additional claims in the Complaint filed under seal. In addition to the civil claims the Government could still pursue against Defendants, Plaintiff explains that it would also have been "irresponsible to serve a motion for fees that included details of our work product" because the Government was considering criminal charges against the Defendants. (Doc. 70 at p. 5.) Plaintiff testified before a federal grand jury regarding possible federal criminal charges against Defendants. Filing and serving a motion for attorney's fees would have disclosed what Plaintiff believed was confidential information at the time the Government was considering whether to pursue the additional civil claims and whether to bring criminal charges against the Defendants.

The first issue presented by the parties is whether the Court's Order of Dismissal triggered the requirement in Rule 54(d)(2) and the Court's Local Rule 54.1(C) to file a motion for attorney's fees within 14 days after the entry of judgment or after an order of dismissal under circumstances permitting the allowance of attorney's fees. The Court finds the Order of Dismissal in this case did not trigger the requirement to file a motion for attorney's fees within 14 days after the entry of the

4

Order. Although the claims in the Complaint and Amended Complaint were dismissed in some instances with prejudice and in other instances without prejudice, there were still two issues remaining for the Court to decide if the parties could not resolve those remaining issues. The two issues were the amount of attorney's fees Defendants would owe the Relator and also the amount of the Relator's share of the settlement. At the time the Rule 41a Joint Stipulation of Dismissal, Doc. 53, dated May 11, 2006, was presented to the Court, the Court considered it quite unlikely that the parties would resolve the two remaining issues. The Court's conclusion on that point was based on the fact that it is unusual to have a partial settlement in a case of this sort and the further fact that the case had drug on for so long that it was a test of the Court's patience in that despite representations of moving ahead, there were 10 requests for extension of time made and ultimately granted. Despite these considerations, the United States and Relator did subsequently settle Relator's share issue.

Although the Court recognizes that pursuant to FED.R.CIV.P. 58(c), "[e]ntry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees," with one exception not applicable to this case, the Court finds the remaining issue of the Relator's fee resulted in the Order of Dismissal not being a final Order. Based upon the above discussion, the Court finds the Order of Dismissal filed on May 23, 2006, was not a final judgment or order of dismissal that triggered the requirement to file a motion for attorney's fees within fourteen days of the entry of that Order.

Even if the Relator's motion was found to be untimely, the Court finds extraordinary circumstances exist in this case to support a finding of excusable neglect in not filing the motion until January 18, 2007. The Eighth Circuit held, "[e]xcusable neglect 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 394 (1993)). "Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). "The factors to be weighed include

5

'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395).

On the issue of prejudice to Defendants, they argue new members joined and some members left their organizations after the time for filing a motion for attorney's fees had passed under FED.R.CIV.P. 54(d)(2) and LR 54.1 and that reserves have not been established for payment of the Relator's attorneys fees. The Court finds it difficult to believe that Defendants believed the Relator had foregone his claim for attorney's fees given the vigor with which the Relator pursued the claims in this action, his continued active participation in this litigation after the United States intervened and the reservation of his claim for attorney's fees in the Settlement Agreement with Defendants. Even if Defendants are prejudiced by the delay in the sense that they have not reserved funds to pay the Relator's fees and new people have joined and others have left their organizations, Defendants are not prejudiced in the sense that they are unable to challenge the reasonableness of the Relator's counsels' fees. Defendants have not alleged a loss of evidence they would have utilized to challenge the reasonableness of Relator's counsels' fees or an argument they could have made if the motion had been filed in May or June of 2006, rather than responding to the motion in August 2007. Although the Defendants mentioned during the hearing that attorney John Holm is no longer employed by the Government, attorney Bengford represented to the Court that Mr. Holm would be available to answer the Court's questions relating to this matter. The Court finds the only prejudice to Defendants as a result of the delay is from their failure to make reserves to pay the Relator's attorney's fees. Reserves come out of one's pocket no less than a payment from current income.

The second factor in the excusable neglect analysis if the Relator's filing is found to be untimely, is the length of the delay and its potential impact on judicial proceedings. The delay in this case is extensive. The Order of Dismissal was filed on May 23, 2006 and the motion for attorney's fees was not filed until January 18, 2007. The motion was served on Defendants on August 10, 2007. The Court agrees with the Relator's argument that the Order of Dismissal was not a final judgment or order triggering the requirement to serve its motion for fees, but the Court recognizes

6

the Defendants interpreted the Order differently. The Court does not find there is an adverse impact on judicial proceedings in considering the Relator's motion. The Court would not have made any different decision on the reasonableness of the Relator's attorney's fees if the motion would have been filed in May or June 2006 rather than January 2007 or if it had been served on Defendants before August 10, 2007.

The Relator explained the reasons for the delay in filing the pending motion, which is the third factor in the excusable neglect analysis. The Relator had valid concerns regarding disclosure of confidential information to Defendants that would have occurred by filing and serving the motion for attorney's fees, because it necessarily includes information about the Relator's attorneys' work product and the Relator's claims of fraudulent conduct by Defendants. If the motion for attorney's fees had been served on Defendants, the Relator would have disclosed to Defendants information in the Relator's counsels' time entries that the Government had available in determining whether to pursue the additional civil claims against Defendants and whether to pursue criminal charges against the Defendants. The Relator's counsels' concerns regarding confidentiality of this information were confirmed by an Assistant United States Attorney who advised the Relator on December 27, 2006 that he understood the Relator's "concern about possible confidentiality problems in regards to your application for attorney's fees" and advised the Relator's counsel to continue to file any new filings under seal until the Court ruled on the issue of sealing. (Doc. 71, Ex. 1.) The Government first informed the Relator on December 27, 2006, that it did not intend to pursue additional civil claims against Defendants. One of the Relator's counsel's affidavit states that he was advised by another Assistant United States Attorney that the status of the criminal charges was not public information and the Relator thus had no information on the status of the criminal charges. (Affidavit of Brett Lovrien, Doc. 71 at ¶ 4.) Given the information regarding the civil charges and the lack of information regarding criminal charges, the Relator filed his motion for attorney's fees on January 18, 2007.

This motion was not served on Defendants' counsel until August 10, 2007. The Relator explained that the reason for this delay was due to the seal order in this case. The May 2006 Order

of Dismissal unsealed only a portion of the case. Again, the Relator had been advised by the United States Attorney's Office that confidentiality of its fee petition should be maintained until the Court ruled on the issue of sealing documents. The Relator submitted evidence that his counsel was advised by the Clerk's Office that the Relator would receive further instruction from the Court as how to handle service of the Motion given the Court's seal Order. (Affidavit of Brett Lovrien, Doc. 71, ¶ 6.) After receiving such instruction, the Relator served the motion on Defendants. Moreover, Defendants' counsel did not make an appearance in this action until August 31, 2007. If Defendants' counsel had made their Notice of Appearance at least by the time the Rule 41a Joint Stipulation of Dismissal, Doc. 53, was filed with the Court, as they should have since they were appearing as counsel on that pleading before the Court, they would have received notice that the Motion for Attorney's Fees had been filed with the Court on January 18, 2007. Due to the seal Order in the case, Defendants' counsel would not have been able to read the Motion without an Order from the Court, but they would have received notice that it was filed on or about January 18, 2007.

The final factor to be considered if the Relator's filing is found to be untimely is whether the Relator acted in good faith. The record demonstrates the Relator was concerned about filing his motion for attorney's fees before the Government determined whether it would pursue the additional civil claims against the Defendants and whether the Government would continue to pursue possible criminal charges against the Defendants. The Relator understandably did not want to give the Defendants an advantage in defending against any claims against them by disclosing confidential information. This concern of disclosing confidential information was validated by the United States Attorney's Office in December 2006. The Relator testified before a federal grand jury regarding possible criminal charges, reinforcing his belief that the information he possessed was confidential. Although the Relator could have filed a motion seeking the Court's ruling on the issues regarding serving the motion on the Defendants, there is no evidence that the Relator delayed filing its motion for attorney's fees to cause prejudice to Defendants. Rather, given the unusual circumstances in this case, the Relator acted in good faith in delaying the filing and service of his motion for attorney's fees.

8

Having considered the appropriate factors as explained above, the Court finds that if the Relator's motion is found on appeal to be untimely, the Relator's delay in filing and serving the motion for attorney's fees was the result of excusable neglect and his delay is excused. Accordingly, the final issue that must be addressed is the amount of reasonable attorney's fees and costs the Relator is entitled to recover from Defendants. The Relator and the Stryker Defendants reached an agreement to settle the Relator's claim for attorney's fees against the Stryker Defendants for the amount of $25,000. Defendants CNOS and Siouxland discussed the possibility of settling the Relator's claim for attorney's fees, but the parties were unable to reach agreement. Defendants contend their liability should be a maximum of 30% of the Relator's attorney's fees because their share of the amount paid to the Government to settle this lawsuit was 30% of the total paid to the Government ($105,000/$345,000 = 30%). They further contend that because the Stryker Defendants paid $25,000, which should represent 70% of the Relator's attorney's fees, their maximum liability is $10,938 for their 30% share. There is nothing in the Settlement Agreement between the Relator and the Stryker Defendants, however, providing that the $25,000 the Stryker Defendants agreed to pay for the Relator's attorney's fees was 70% of his reasonable attorney's fees. Relator's counsel state that their understanding was that they had no option other than to accept the $25,000 as a partial payment of attorney's fees.

Moreover, nothing in the Settlement Agreements provides that the Relator agreed to a reduction in the Defendants CNOS and Siouxland's liability for the Relator's claimed attorney's fees and costs. Rather, the Settlement Agreement between the Relator and these Defendants explicitly reserves for future resolution the issue of Defendants' liability for Relator's attorney's fees and the amount thereof. The total amount of attorney's fees sought by the Relator is $114,596.66. The Court has carefully reviewed the time sheets for the three attorneys and paralegals who worked on this case for the Relator. The hourly rates sought for each of the attorneys and paralegals and the time spent on the various tasks are reasonable an in line with those prevailing in the community. The Court finds all of the fees claimed by Relator's counsel, in the amount of $114, 596.66, were reasonable attorney's fees. Relator's counsel carried the weight of moving this case forward and

their time was properly spent in pursuit of the claims in this action. The Complaint and Amended Complaint were carefully pled in this factually and legally complex case.

Defendants challenge the expert expenses claimed by Relator, in the amount of $6,080.37. Relator did not address this issue in his Reply Brief despite the specific challenge by Defendants. Although the Relator did not specifically explain the services provided by his expert Wendy Britton of Britton & Associates, LLC, the statement of services from Ms. Britton indicates she was heavily involved in reviewing the documents provided by Defendants to the Government. Her statement indicates she was retained for "Compliance Analysis" but Relator has not provided the Court with her qualifications or the reasons for seeking her consulting services. It is reasonable that Relator's counsel would require assistance in document review in this case, but Relator has not met his burden of proof of the reasonableness of these expert expenses.

With the exception of the expert expenses, the Court finds the Relator met his burden of proof on the reasonableness of the attorney's fees, costs and expenses in this case. *See United States ex rel. ATC Distrib. Group, Inc. v. Ready-Built Transmissions, Inc.*, 2007 WL 2522638, *1 (S.D.N.Y. Sept. 7, 2007) (recognizing that, "'[t]he initial burden of proof that the fee is reasonable falls on the relator, who must submit evidence regarding the number of hours expended and the hourly rate claimed.'" *United States ex rel. Poulton v. Anesthesia Assocs., Inc.*, 87 F.Supp.2d 351, 354 (D.Vt. 2000)). After the relator has met his initial burden of proof, "'[t]he party opposing the fee award then has the burden of challenging the reasonableness of the fee requested.'" *United States ex rel. Poulton v. Anesthesia Assocs., Inc.*, 87 F.Supp.2d 351, 354 (D.Vt. 2000) (quoting *United States ex rel. Doe v. Pennsylvania Blue Shield*, 54 F.Supp.2d 410, 413-14 (M.D.Pa. 1999)). Defendants did not meet their burden of challenging the reasonableness of the Relator's fee request in this case, except with regard to the expert expenses.

Defendants argue there should be a reduction in the amount of the Relator's attorney's fees for unsuccessful claims in the Complaint. The Court disagrees, however, because there has been no determination of successful versus unsuccessful claims in this action. The parties agreed the claims

in this action would be dismissed with prejudice as to the Relator, but several claims in the Complaint were dismissed without prejudice to the Government. Thus, several claims have neither been adjudicated nor settled by the parties. Accordingly, Relator's attorney's fees will not be reduced for failing to succeed on any of the claims in the Complaint.

During argument, Relator's counsel pointed out that in a letter to shareholders CNOS stated: "The legal fees incurred have already exceeded the amount of the settlement payment." (Doc. 61, Ex. D.) The settlement paid by CNOS was $52,500. The potential claims were for far more than the settlement amount, so the fact that defense costs were more than the settlement does demonstrate the level of effort and complexity of this case for all parties and their counsel.

Defendants contend the Relator is not entitled to double recovery of attorney's fees. The statute providing for Relator's recovery of attorney's fees states that Relator is entitled to recover the full amount of his "reasonable attorney's fees and costs." 31 U.S.C. § 3730(d)(1). This statute does not address the apportionment of attorney's fees if there are multiple defendants. Defendants have not cited any authority for departing from the general rule that co-defendants are to be held jointly and severally liable for costs and attorney's fees. *See Carhart v. Stenberg*, 192 F.3d 1142, 1152 (8th Cir. 1999) (holding that a defendant's minor role in litigation did not excuse him from liability for the prevailing party's attorneys fees and the district court did not abuse its discretion in holding the defendant jointly and severally liable with the other defendants for such fees); *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) (recognizing that "[j]oint and several liability for costs is the general rule unless equity otherwise dictates."). The Court finds it is equitable to hold all of the defendants in this action jointly and severally liable for the Relator's attorney's fees and costs.

The Relator, however, is not entitled to recover attorney's fees in excess of the amount of his "reasonable attorney's fees." 31 U.S.C. § 3730(d)(1). Thus, the amount for which Defendants will be held liable will be reduced by the $25,000 paid by the Stryker Defendants.

11

In his brief, Relator contends the Defendants are also liable for Relator's reasonable attorney's fees and expenses in preparing and litigating the fee petition itself. The Court agrees. *See United States ex rel. ATC Distrib. Group, Inc.*, 2007 WL 2522638, *6 (recognizing the well-settled principle that prevailing parties are entitled to reimbursement of fees expended in preparing the application for attorney's fees applies in False Claims Act cases); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (finding it frivolous to claim that a prevailing party is not entitled to fees for the time the party's attorney spent in preparing the fee petition itself where the party is statutorily entitled to recover attorney's fees). Relator will be directed to promptly file and serve a motion for supplemental attorney's fees along with supporting materials. After this final issue is resolved, a judgment will be entered by the Court. Accordingly,

IT IS ORDERED

1.    That the caption shall be amended to identify the named Defendant "Siouxland Surgical Center Limited Partnership" by its correct name of "Siouxland Surgery Center Limited Liability Partnership."

2.    That Relator's Motion for Attorney's Fees, Doc. 60, is granted, in part, to the extent that Defendants CNOS and Siouxland shall pay to Relator the amount of $83,516.29 as reasonable attorney's fees, expenses and costs pursuant to 31 U.S.C. § 3730(d)(1).

3.    That, on or before October 12, 2007, Relator shall file and serve a motion for supplemental attorney's fees and expenses. Defendants CNOS and Siouxland shall submit any objection to such supplemental motion on or before October 26, 2007.

Dated this 27ᵗʰ day of September, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Sharon Jurke*
DEPUTY

12